UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD L. RAIFSNIDER, 10389-045,

        Petitioner,

    -v-

BOBBY MEEKS, FCI MCKEAN,

        Respondent.

_____

DECISION AND ORDER
12-CV-1003S(Sc)

*FILED NOV 19 2012 — UNITED STATES DISTRICT COURT, MICHAEL J. ROEMER, CLERK, WESTERN DISTRICT OF NY*

    Edward L. Raifsnider, an inmate of the Federal Correctional Institution at McKean (FCI-McKean) in Bradford, Pennsylvania, proceeding *pro se*, has filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner states that he is currently serving a federal prison sentence of 22 years, 3 months.[1] He alleges that while serving his federal sentence he was notified by prison officials that three detainers had been lodged against him by the State of Kentucky in Jefferson, Marshall and Carlisle counties, apparently as a result of indictments returned against him by three Kentucky state courts. After learning of the detainers, petitioner states that he sought their dismissal; two of the detainers were dismissed, but there was no response with respect to the detainer issued in Marshall County. Petitioner asserts that the detainer lodged against him by the State of Kentucky, Marshall County should be deemed no longer enforceable due to Kentucky's violation of his right to a speedy trial, and should be removed from his federal Bureau of Prisons records file as an active detainer.

_____

[1]Review of the Pacer Case Locator, https://pcl.uscourts.gov/search, indicates that petitioner's convictions occurred in the U.S. District Court for the Western District of Kentucky, *U.S. v. Raifsnider*, 3:05-CR-6-H, and in the Western District of Missouri, *U.S. v. Raifsnider*, 6:08-cr-03119-GAF-1, *U.S. v. Raifsnider, 3:03-cr-05017-GAF-1*. None of petitioner's criminal convictions occurred in the Western District of New York.

Petitioner does not allege that his current confinement at FCI-McKean is unlawful, but instead alleges, as noted, that Kentucky authorities have improperly lodged, and refused to remove, a detainer against him.  Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus may be granted by "the district courts and any circuit judge within their respective jurisdictions." The Supreme Court has interpreted this provision as requiring jurisdiction over the applicant's custodian "even if the prisoner himself is confined outside the court's territorial jurisdiction." *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). The Supreme Court reached this conclusion because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Id.* at 494-95.

The proper respondent in a habeas corpus action is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  In most cases, there is "only one proper respondent to a given prisoner's habeas petition," and the proper respondent generally is "the warden of facility where the prisoner is being held," *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004), which in the instant case would be the warden of FCI-McKean. However, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." *Id.* at 438. Instead, a habeas applicant "who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id.*  This is illustrated by the facts of *Braden, supra.* The prisoner in *Braden* was serving a sentence in an Alabama prison pursuant to an Alabama conviction

but he was challenging a detainer lodged against him in Kentucky state court. *See Braden*, 410 U.S. at 486-87. The Supreme Court held in *Braden* that the Kentucky court, rather than the Alabama warden, was the proper respondent because the Alabama warden was not "the person who [held] him in what [was] alleged to be unlawful custody." *Id.* at 494-95. The Supreme Court's conclusion was supported in part by traditional venue considerations because "[i]t is in Kentucky, where all of the material events took place, that the records and witnesses pertinent to petitioner's claim are likely to be found." *Id.* at 493-94. In the instant matter, petitioner is seeking to challenge not his present physical confinement but instead, as in *Braden*, a detainer lodged against him in Kentucky.

Accordingly, and consistent with the determination rendered in a previous case in which petitioner Raifsnider sought to challenge the Kentucky detainers in the U.S. District Court for the Eastern District of Texas, *see Raifsnider v. State of Kentucky*, 3:08-CV-P62-R, 2008 U.S. Dist. LEXIS 26864 (W.D. Ky. 2008) (§ 2241 petition transferred to the Western District of Kentucky by the Eastern District of Texas because "Petitioner [Raifsnider] is contesting the propriety of a detainer lodged against him by Kentucky authorities.") and *Raifsnider v. State of Kentucky*, 07cv890, Docket No. 3 (E.D. Texas, Dec. 27, 2007) (transferring petition challenging Kentucky detainers to the Western District of Kentucky) the Court directs that the instant petition should be transferred to the United States District Court for the Western District of Kentucky.

SO ORDERED.

Dated: Nov. 16 , 2012
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge

3